### Earl Griffin v. The State.

No. 3606.    Decided March 7, 1906.

**1.—Theft—Confession—Arrest—Harmless Error.**

Where upon trial for theft, confessions of the defendant while under arrest were admitted in evidence and were afterwards withdrawn by a special charge of the court, and the record on appeal showed that defendant confessed to the officers to the theft after being duly warned, there was no reversible error.

**2.—Charge of Court—Weight of Evidence.**

Upon a trial for theft, where the testimony showed that the defendant had confessed to the theft, there was no error in the charge of the court that the confession of the defendant might be used in evidence against him if it appeared that the same was freely made without compulsion or persuasion, otherwise to disregard the same; and such charge was not on the weight of the evidence.

**3.—Same—Charge Favorable to Defendant.**

Where upon trial for theft the court instructed the jury that a verbal confession should be received and weighed with great caution, because liable to misconstruction, and great care should be exercised lest either in the mode of obtaining the confession or the use made of it, injustice might be done to the accused, while an unnecessary admonition, was favorable to defendant and he could therefore not complain.

**4.—Same—Charge of Court—Corroboration.**

Where upon trial for theft, the evidence contained many circumstances outside of the confession criminative of and perhaps conclusively establishing the guilt of defendant, there was no error in charging the jury that they must believe that the confession was corroborated before convicting defendant.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. E. B. Muse.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Baskett & Evans,* for appellant.—On question of confession: Barnes v. State, 10 Texas Ct. Rep., 884. On question of admonition in charge: Thuston v. State, 18 Texas Crim. App., 26; Collins v. State, 20 id., 399. On question of uncorroborated confession: Fields v. State, 41 Texas, 25; Jones v. State, 13 id., 168; Gay v. State, 2 Texas Crim. App., 127; Riley v. State, 4 id., 474.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was charged by indictment with the theft of a ring of the value of $200, was convicted, and his punishment fixed at two years confinement in the penitentiary.

The first complaint is that the court erred in admitting the testimony of Mrs. Nettie Nobles, to the effect that defendant said the ring was found in the yard, and that she (witness) said, "You took that ring off my washstand, did you not; that's where you found my ring," and defendant, "Yes, ma'm, I did." Concede that the testimony shows appellant was under arrest at the time the above statement was made, still the record shows that the court excluded the above testimony, and by a special charge withdrew the same from the consideration of the jury. The record also shows that appellant confessed to the officers, after being duly warned, to have stolen the ring. This being true, we do not think there was such error as authorized a reversal.

Appellant objects to the following portion of the court's charge: "The confession of the defendant may be used in evidence against him if it appears that the same was freely made without compulsion or persuasion. * * * The court charges you to wholly disregard the alleged confession of defendant, unless you believe from the evidence that the same, if any, was freely and voluntarily made. If you believe from the evidence that the confession, if any, was made on compulsion or promise on the part of the officer or officers in question you will wholly disregard said alleged confession. The only way in which you can consider the confession, if any, in evidence, is for you to believe from the evidence that the same, if any, was freely and voluntarily made." Appellant insists that the charge is on the weight of the evidence, in that it in effect assumes that the remarks, act and conduct of defendant occurred just as witnesses testify, and therefore that the testimony of said witness was true; and it assumes that such acts, conduct and remarks of defendant amounted to a confession of guilt on his part, and could and should

be so considered by the jury. We do not think any of these objections are well taken. The charge was proper.

Appellant excepts to the following charge: "The law says that verbal confessions should be received and weighed with great caution because liable to misconstruction, and great care should be exercised lest either in the mode of obtaining the confession or in the use made of it, injustice may be done the accused." Appellant complains of this charge on the ground that the same is misleading, confusing and upon the weight of testimony. We think the charge is favorable to appellant. The decisions of this court do not even require the court to give the admonition contained in the charge and certainly the giving of it could not have injured appellant.

We do not think the court erred in charging the jury that they must believe that the confession was corroborated before convicting appellant. The evidence contains many circumstances outside of the confession criminative of, and perhaps conclusively establishing the guilt of appellant.

The fifth ground of complaint is that the court erred in his charge on circumstantial evidence in not telling the jury what bearing the issue of circumstantial evidence had to the case. The charge of the court on circumstantial evidence is correct.

There is no error in the court's charge, and the evidence being sufficient, the judgment is affirmed.

*Affirmed.*